Application granted in part. Without objection from the Government (Doc. 33), the Government is directed to make arrangements with the City of Poughkeepsie Police Department to return Defendant's three cell phones and the approximately $3,000 in cash that were seized from the defendant in connection with his arrest. The property shall be returned within thirty days of the date of this Order. Defendant is also required to provide the Government with the identity of an individual authorized to accept the property on Defendant's behalf due to his incarceration. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 31) and to mail a copy of this Order to Defendant at #05312-511, FCI Thomson, P.O. Box 1002, Thomson, IL 61285.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 17, 2026

Rafael Santos
Fed. # 05312-511
FCI Thomson
P.O. BOX 1002
Thomson, IL 61285

UNITED ST

FOR THE SOUTH

UNITED STATES OF AMERICA
Plaintiff

v.

RAFAEL SANTOS
Defendant

) Case CR: 7:24-cr-543(PMH)
)
)

MOTION FOR RETURN OF SEIZED PROPERTY
PURSUANT TO RULE 41(g)

COMES NOW, defendant Rafael Santos Pro-Se and by himself, Hereby files this Motion For Return of Property Pursuant to Federal Rules of Criminal Procedure 41(g). Defendant is claiming the following property:

5 Cellular Telephones and the Amount of $3,000 Cash (Defendant has proof of the origin of the Cash)

A District Court in a Criminal Case has both the Jurisdiction and the duty to ensure the return of property seized from the defendant named above, which is not stolen, contraband, or otherwise forfeitable and which is no longer needed as evidence. See <u>United States v. Bryant</u>, 684 F. Supp. 421, 423 (M.D.N.C, 1988). The general rule is that seized property other than contraband should be returned to its rightful owner once the criminal proceedings have terminated. See <u>United States v. LaFatch,</u> 565 F.2d 81,83 (6th Cir. 1977).

On this Case at hand, inmediately after defendant was sentenced, he requested to his trial counsel to claim his personal property, and he was told by the prosecutor and the Law Enforcement Agency who seized the property that defendant had to make the request through the Court.

Ordinarily, where the government does not send any Notice of seizure of property to the person from whom the porperty was seized, the mandatory sanction the Court must Order is that the government return the property to that person. See 18 U.S.C § 983(a)(1)(F).

Therefore, the seized property should be returned to the defendant. See United States v. Estevez , 845 F.2d 1409 (7th Cir. 1988).

WHEREFORE, BASED on the above foregoing facts and applications of the Law, the defendant Rafael Santos, urges the Court to issue an ORDER directing that the prosecutor in charge of this case, and the Agency which is holding defendant's property, can return his seized property.

Respectfully Submitted this 22nd Day of June, 2026

by: Rafael Santos

Rafael Santos
Fed. # 05312-511
P.O. BOX 1002
Thomson, IL 61285.

Rafael Santos
Fed. # 05312-511
FCI Thomson
Thomson, IL 61285

RECEIVED
JUN 29 2026
CLERK'S OFFICE
S.D.N.Y.

AUSP Thomson
JUN 25 2026
Received in CSD

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

9589 0710 5270 2091 0688 05

Retail

UNITED STATES POSTAL SERVICE®

RDC 99

10007

U.S. POSTAGE PAID
FCM LETTER
THOMSON, IL 61285
JUN 25, 2026
$0.00
S2324N503319-04

USM 4P
SDNY

< 05312-511>
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Attn. Clerk of the Court
500 Pearl Street
New York, NY 10007

10007-133099

Legal mail